# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM THE FAMILY COURT NO. 5 OF SAN ISIDRO IN BUENOS AIRES, ARGENTINA IN THE MATTER OF MARCELO DANIEL BECCACECI V. MARIA DE LOS MILAGROS GOMEZ DE LA FUENTE

Case No. 26-mc-45 (LMP/SGE)

**ORDER**

---

This matter is before the Court on the Application for Discovery Assistance Order Pursuant to 28 U.S.C. § 1782(a) by the United States Department of Justice ("DOJ"), arising from a Letter of Request by the Family Court No. 5 of San Isidro in Buenos Aires, Argentina in connection with a divorce proceeding captioned *Marcelo Daniel Beccaceci v. María de los Milagros Gómez de la Fuente*, Foreign Reference Number 641/2026. The DOJ requests that the Court appoint one of its attorneys, Agatha Koprowski, a commissioner for the purpose of obtaining financial records on the Argentine Court's behalf from U.S. Bank. The DOJ also requests that the Court authorize Ms. Koprowski to subpoena U.S. Bank for the financial records requested.

Under § 1782(a), foreign courts may apply for a federal district court order that appoints a commissioner and directs a person in the United States to produce information to that commissioner. "For a court to issue such an order, the foreign tribunal must establish that: (1) the discovery is sought from a person or entity found in the district where

the application is filed; and (2) the discovery is for use in a proceeding before the tribunal."
*In re Houdek*, No. 26-mc-27 (DJF), 2026 WL 1256316, at *1 (D. Minn. May 7, 2026)
(citing *In re Hallmark Capital Corp*, 534 F. Supp. 2d 951, 953-54 (D. Minn. 2007)). The
Application supports a finding that both requirements are met. U.S. Bank is found in the
District of Minnesota, and the Argentine Court seeks the discovery requested for use in
pending divorce proceedings.

The Court now considers the following factors in deciding whether to grant the
request: "(1) whether the person from whom discovery sought is a participant in the foreign
proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings,
and the receptivity of the foreign tribunal to federal judicial assistance; (3) whether the
request conceals an attempt to circumvent foreign proof-gathering restrictions or other
policies; and (4) whether the request is unduly intrusive or burdensome." *In re Request for
Judicial Assistance from the Municipal Court in Brno, Czech Republic*, No. 19-mc-21
(ECT/SER), 2019 WL 1513897, at *1 (D. Minn. Apr. 8, 2019) (citing *Intel Corp. v.
Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)). The Court finds that the
factors weigh in favor of granting the Application.

First, U.S. Bank, although not a party to the Argentine case, has information relevant
to that proceeding. Second, the Court has no concerns about the nature of the Argentine
Court or the character of the proceedings pending before it. In addition, because the
Argentine Court is itself requesting the information from U.S. Bank, it is necessarily
receptive to the Court's assistance. Third, the Court sees no indicia of an attempt to

2

circumvent foreign discovery restrictions.  Fourth, the discovery request is not unduly intrusive or burdensome.

Because the discovery request involves financial information. the Court must next consider whether the requested disclosure is permissible under the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3401-22.  *See* 28 U.S.C. § 1782(a) ("A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.").  Consistent with a recent decision of this Court adopting the Second Circuit Court of Appeals' holding in *Young v. U.S. Department of Justice*, 882 F.2d 633 (2d Cir. 1989), the Court finds that the RFPA does not preclude discovery in this situation.  *See In re Houdek*, 2026 WL 1256316, at *2 (quoting *Young*, 882 F.2d at 639)  ("[T]he RFPA does not apply to court-appointed commissioners, who would otherwise qualify as 'government authorities' under the RFPA, when they seek information from financial institutions with court-ordered subpoenas.").

Accordingly, **IT IS HEREBY ORDERED** that:

1.  The Application for Discovery Assistance Order Pursuant to 28 U.S.C. § 1782(a) (Dkt. 1) is **GRANTED**;

2.  Department of Justice Attorney Agatha Koprowski is appointed Commissioner of this Court, to obtain by subpoena the requested information from U.S. Bank for transmission to the Department of Justice, Office of Foreign Litigation, Office of International Judicial Assistance, for transmission to the Family Court No. 5 of San Isidro in Buenos Aires, Argentina in *Marcelo Daniel Beccaceci v.*

3

*María de los Milagros Gómez de la Fuente*; and to do all else that may be necessary for the accomplishment of the purpose of this Order;

3. U.S. Bank shall respond to the Office of International Judicial Assistance within the time indicated on the subpoena, which shall be no shorter than 14 calendar days, unless by the same date U.S. Bank files a motion to quash or modify the subpoena for good cause; and

4. The Office of International Judicial Assistance shall provide U.S. Bank in Minneapolis, Minnesota with a copy of this Order and the accompanying documents.

Date: July 22, 2026                              *s/Shannon G. Elkins*
                                                  SHANNON G. ELKINS
                                                  United States Magistrate Judge

4